IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA      §
                                §
V.                                   §            MAGISTRATE NO. H-07-279
                                §
DAVID MARTINEZ           §

FINDING OF PROBABLE CAUSE AND
ORDER OF DETENTION PENDING TRIAL

       In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held, together with a preliminary hearing under Rule 5.1.  I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)      The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

              [ ]      a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

              [ ]      an offense for which the maximum sentence is life imprisonment or death.

              [ ]      an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

              [ ]      a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

    [ ] (2)      The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)      A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4)      Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or

combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

[] (1)   There is probable cause to believe that the defendant has committed an offense

[ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
() § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

[ ]   under 18 U.S.C. § 924(c).

[] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1) Defendant is accused of knowingly attempting to persuade, induce, entice or coerce an individual under 18 to engage in sexual activity for which he could be charged with a criminal offense (sexual assault of a child) in violation of 18 U.S.C. § 2422(b).

[X] (2)   There is a serious risk that the defendant will flee.

[X] (3)   Defendant represents a danger to the community.

[ ] (4)   There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1)   As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Finding of Probable Cause</u>

2

I find that the evidence at the preliminary hearing is sufficient to establish probable cause to believe this defendant committed the offense charged in the criminal complaint.

<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the criminal complaint, the information submitted in the Pretrial Services Agency report, and evidence at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.  Defendant, a 37 year old male, lacks family support, stable living arrangements, and financial ties to the community.  His mother and step-father live in De Soto, Texas and his brother lives in Garland, Texas.  He has not seen his eleven year old daughter who lives in Missouri for two years.  Defendant's brother refused to corroborate defendant's reported personal history and pretrial services was unable to contact his mother.  Defendant reports that he rents a room from his friends Mark and Renee Geltman.  He claims to be involved in a romantic relationship with Renee Geltman and she plans to divorce Mark Geltman.  Defendant reports he was last employed as a mail carrier earning $900 per month.  He reports liabilities far in excess of his assets. Pretrial services characterizes defendant's mental health as questionable.

3.  Defendant is charged with knowingly attempting to persuade, induce, entice or coerce an individual under 18 to engage in sexual activity for which he could be charged with a criminal offense (sexual assault of a child), in violation of 18 U.S.C. § 2422(b).  The charges against him have a penalty range of up to 30 years imprisonment.  There is probable cause to find that defendant has committed the offense with which he is charged, which is a crime of violence as defined by 18 U.S.C. § 3156(a).

4.  There is no condition or combination of conditions of release which would assure defendant's appearance in court or the safety of the community.  Detention is ordered.

<u>Directions Regarding Detention</u>

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on April 10, 2007.


Stephen Wm Smith
United States Magistrate Judge